IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02092-ZLW

JAMES EDWARD VERNER,

    Petitioner,

v.

ATTORNEY GENERAL, and
ROBERT WILEY, Warden, United States Penitentiary – Max, Florence, Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 16 2006

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

Petitioner James Edward Verner has filed *pro se* on April 26, 2006, a letter to the Court in which he asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on January 27, 2006. The Court must construe the letter liberally because Mr. Verner is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the letter will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Verner's letter to the Court, which was filed more than ten days after the Court's January 27, 2006, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action as successive and abusive because one of Mr. Verner's claims was rejected on the merits in a prior habeas corpus action and he could have raised his second claim in the prior action but failed to do so. Prior to dismissing the case, the Court ordered Mr. Verner to show cause why the action should not be dismissed as successive and abusive and gave him an opportunity to respond. Mr. Verner argues in his liberally construed motion to reconsider that the Court cannot raise the abuse of the writ doctrine sua sponte. He is mistaken. **See Williams v. Whitley**, 994 F.2d 226, 231-32 (5th Cir. 1993); **United States v. Fallon**, 992 F.2d 212, 213 (8th Cir. 1993).

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Verner fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the liberally construed motion to reconsider will be denied. Accordingly, it is

ORDERED that Petitioner's letter to the Court filed on April 26, 2006, which the Court has construed liberally as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 15 day of May, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02092-OES

James Edward Verner
Reg. No. 42533-066
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  5-16-06 .

                               GREGORY C. LANGHAM, CLERK

                               By: _____
                                     Deputy Clerk